2198

Margie Carolyn THOMAS, individually and as surviving statutory beneficiary of the Estate of Keith Dargan Oliver, Appellant v. David Ray WATERS, Sprott Oil Company, and Kimberly Lynn Jennings, Respondents. Margie Carolyn THOMAS, as Personal Representative of the Estate of Keith Dargan Oliver, Appellant v. David Ray WATERS, Sprott Oil Company, and Kimberly Lynn Jennings, Respondents.

(445 S.E. (2d) 659)

Court of Appeals

*Wayne Floyd*, West Columbia, *for appellant.*

*Michael P. Horger*, of *Horger, Horger & Lanier, Charles H. Williams* and *Robert R. Horger*, of *Horger, Barnwell & Reid*, Orangeburg, *for respondents.*

Heard June 7, 1994.

Decided June 20, 1994.

GOOLSBY, Judge:

Margie Carolyn Thomas brought this wrongful death and survival action for the death of her son, Keith Dargan Oliver, against David Ray Waters, Sprott Oil Company, and Kimberly Lynn Jennings. The trial court granted summary judgment to the respondents. Thomas appeals. We affirm.

In 1992, Oliver and Jennings were occupants in a van which collided with a truck owned by the Sprott Oil Company and driven by Waters. The truck struck the passenger side of the van at approximately 50 miles per hour and caused the van to turn over. Jennings survived the accident; Oliver did not.

Thomas filed suit, alleging Jennings was the driver of the van and Oliver was a passenger. After the depositions of all known witnesses to the accident were taken, Waters and Sprott Oil moved for summary judgment, asserting there was no evidence of any negligence on their part. Jennings also moved for summary judgment, asserting Oliver was the driver of the van, not Jennings.

In support of her motion for summary judgment, Jennings pointed to her own deposition testimony and the deposition testimony of Barbara Ray, who witnessed the accident. Jen-

nings testified she was a passenger in the van, not the driver. In her deposition, Ray identified Oliver as the driver of the van.

The trial court held there was no genuine issue of material fact regarding whether Oliver was the driver of the van and there was no evidence of negligence by Waters and Sprott Oil Company.

On appeal, Thomas first argues the trial court erred in granting summary judgment because the case was less than 120 days old and because she did not have time to complete discovery. We disagree.

According to Rule 56(b), SCRCP, a defending party may move for summary judgment at any time. *McDonnell v. Consol. Sch. Dist. of Aiken,* — S.C. —, 445, S.E. (2d) 638 (1994). Rule 56(c), SCRCP provides the motion must be served at least 10 days before the time fixed for the hearing. In the instant action, the trial court heard the motion for summary judgment 25 days after the motion was served.

Also, we note Thomas did not "demonstrate[e] a likelihood that further discovery [would] uncover additional evidence relevant to the issue of" whether Jennings was the driver of the van. *Baughman v. AT&T Co.,* 306 S.C. 101, 112, 410 S.E. (2d) 537, 544 (1991).

Thomas next argues there is a genuine issue of material fact regarding whether Jennings was the driver of the van. We disagree.

In deciding a Rule 56 motion, the Court must view the facts and inferences therefrom in the light most favorable to the nonmoving party. Summary judgment is appropriate only when the pleadings, depositions, interrogatory answers, admissions, and affidavits show that there is no genuine issue of material fact. A party opposing a properly supported motion for summary judgment, however, may not rest on the mere allegations or denials of his pleading, but must set forth or point to specific facts showing that there is a genuine issue of material fact. Thus, the existence of a mere scintilla of evidence in support of the nonmoving party's position is not sufficient to overcome a motion for summary judgment.

*Dickert v. Metropolitan Life Ins. Co.,* 306 S.C. 311, 313, 411

S.E. (2d) 672, 673 (Ct. App. 1991) (citations omitted), *rev'd in part on other grounds,* — S.C. —, 428 S.E. (2d) 700 (1993).

To establish Jennings was the driver of the van, Thomas pointed to the deposition testimony of Charles Marion Still. Still was driving a vehicle positioned behind the truck driven by Waters. Before the accident, Still did not see who was driving the van. After the accident, Still approached the van and saw Oliver was pinned between the passenger seat and the side of the van. We note, however, Still also testified the van flipped over and came to rest upside down after the impact. Moreover, Still observed that neither Jennings nor Oliver was wearing a seat belt.

Even when viewing the facts and inferences therefrom in the light most favorable to Thomas, we find this evidence was not sufficient to overcome Jennings's motion for summary judgment.

Affirmed.

CONNOR, J., and BRUCE LITTLEJOHN, Acting Judge, concur.