542 S.E.2d 736

Joel P. BAYLE, as Personal Representative for
Patricia F. Bayle, Deceased, Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION,
Blythe Construction, Inc., Defendants,

Of whom South Carolina Department
of Transportation is Respondent.

No. 3284.

Court of Appeals of South Carolina.

Heard Dec. 13, 2000.
Decided Jan. 8, 2001.
Rehearing Denied March 12, 2001.

Dana C. Mitchell, III, and Laura W.H. Teer, both of Mitchell, Bouton, Yokel & Childs, of Greenville, for Appellant.

James W. Logan, Jr., of Logan, Jolly & Smith, of Anderson, for Respondent.

ANDERSON, Judge:

Joel Bayle, as Personal Representative for Patricia Bayle, initiated these actions for survival and wrongful death. Bayle appeals the grant of summary judgment to the South Carolina Department of Transportation (DOT). The court ruled

Bayle's actions were barred by the statute of limitations. We affirm.

## FACTS/PROCEDURAL BACKGROUND

Patricia Bayle was killed on October 12, 1994, when she lost control of her vehicle as she drove into a large amount of standing water in the northbound lane of I–85. Bayle's car crossed the median and struck an oncoming tractor-trailer in the southbound lane of I–85. Bayle died at the scene.

More than two years after Patricia Bayle's death, an attorney for Paul Wilson contacted Bayle's husband, Joel. As a result, Joel learned that ten days prior to his wife's accident, Paul Wilson was involved in a collision with Robert Latham, who lost control of his vehicle after driving into standing water in the northbound lane of I–85. After finding out about the Wilson wreck and other similar accidents on I–85 from Wilson's counsel, Joel Bayle filed these actions for wrongful death and survival against DOT on September 19, 1997.

The actions allege DOT negligently constructed, maintained, and/or repaired the roadway, failed to warn drivers of a water hazard, and/or failed to construct barricades or guardrails to protect persons using the roadway.

DOT answered asserting the actions were barred by the South Carolina Tort Claims Act's two-year statute of limitations. The Circuit Court agreed and granted summary judgment to DOT.

## STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Young v. South Carolina Dep't of Corrections,* 333 S.C. 714, 511 S.E.2d 413 (Ct.App.1999); Rule 56(c), SCRCP. *See also Bruce v. Durney,* 341 S.C. 563, 534 S.E.2d 720 (Ct.App.2000)(motion for summary judgment shall be granted if pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact and moving party is entitled to judgment as matter of law). In determining whether any triable issues of fact exist, as will

preclude summary judgment, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Vermeer Carolina's, Inc. v. Wood/Chuck Chipper Corp.*, 336 S.C. 53, 518 S.E.2d 301 (Ct.App.1999). If triable issues exist, those issues must be submitted to the jury. *Young, supra.*

Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law. *Brockbank v. Best Capital Corp.*, 341 S.C. 372, 534 S.E.2d 688 (2000). All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the movant. *Vermeer, supra.* Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied. *Moriarty v. Garden Sanctuary Church of God*, 341 S.C. 320, 534 S.E.2d 672 (2000). However, when plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted. *Pye v. Aycock*, 325 S.C. 426, 480 S.E.2d 455 (Ct.App.1997).

An appellate court reviews the granting of summary judgment under the same standard applied by the trial court pursuant to Rule 56, SCRCP. *Brockbank, supra; Wells v. City of Lynchburg*, 331 S.C. 296, 501 S.E.2d 746 (Ct.App.1998).

## ISSUES

I. Did the Circuit Court err in granting summary judgment to DOT based on the statute of limitations?

II. Did the Circuit Court err in quashing discovery?

## LAW/ANALYSIS

### I. Summary Judgment

Bayle contends the Circuit Court erred in granting summary judgment to DOT because (1) the court incorrectly defined the term "loss"; (2) the discovery rule tolled the statute of limitations; (3) he was reasonably diligent in filing suit; and (4) he presented evidence of latent defects in the roadway.

Bayle brought this action against DOT, a governmental entity. Thus, the South Carolina Tort Claims Act delineates the parameters within which Bayle may pursue his claims. DOT is a governmental entity as defined by the Act. *See* S.C.Code Ann. § 15–78–30(d), (e) & (h) (Supp.1999).

■ The Tort Claims Act waives sovereign immunity for torts committed by the State, its political subdivisions, and governmental employees acting within the scope of their official duties. *See Pike v. South Carolina Dep't of Transp.*, 343 S.C. 224, 540 S.E.2d 87 (2000); S.C.Code Ann. § 15–78–40 (Supp.1999). The Act does not create a cause of action. *See Summers v. Harrison Constr.*, 298 S.C. 451, 381 S.E.2d 493 (Ct.App.1989); *see also Moore v. Florence Sch. Dist. No. 1*, 314 S.C. 335, 444 S.E.2d 498 (1994)(Tort Claims Act does not create new substantive cause of action against government entity). Rather, it removes the common law bar of sovereign immunity in certain circumstances, but only to the extent mandated by the Act. *Summers, supra.*

The Tort Claims Act "is the *exclusive and sole remedy* for any tort committed by an employee of a governmental entity while acting within the scope of the employee's official duty." S.C.Code Ann. § 15–78–200 (Supp.1999) (emphasis added). The Act contains a two-year statute of limitations. Section 15–78–110 declares:

> Except as provided for in Section 15–3–40, any action brought pursuant to this chapter is forever barred unless an action is commenced *within two years after the date the loss was or should have been discovered;* provided, that if the claimant first filed a claim pursuant to this chapter then the action for damages based upon the same occurrence is forever barred unless the action is commenced within three years of the date the loss was or should have been discovered.

S.C.Code Ann. § 15–78–110 (Supp.1999)(emphasis added).

■ Bayle asserts the Circuit Court erred in defining "loss" as the date of his wife's death rather than the date he learned of a possible latent defect in the road surface. We disagree.

The Tort Claims Act specifically defines loss:

"Loss" *means bodily injury,* disease, *death,* or damage to tangible property, including lost wages and economic loss to the person who suffered the injury, disease, or death, pain and suffering, mental anguish, and any other element of actual damages recoverable in actions for negligence, but does not include the intentional infliction of emotional harm.

S.C.Code Ann. § 15–78–30(f) (Supp.1999) (emphasis added). The Tort Claims Act contains a definition of loss that differs from that of other statutes. Therefore, Bayle's reliance on medical or legal malpractice cases not governed by the Act is misplaced.

In his brief, Bayle cited *Johnston v. Bowen,* 313 S.C. 61, 437 S.E.2d 45 (1993), for the proposition that whether a claimant knew or should have known a cause of action existed is a jury question. First, *Johnston* construes a different statute of limitations, S.C.Code Ann. § 15–3–545 (Supp.1999). Additionally, *Johnston* reaches the same result as the court in the instant case. The *Johnston* Court held the statute of limitations begins to run when a person of common knowledge and experience would be on notice a claim might exist, *not* when the plaintiff discovers a witness to support or prove the case.

■ Bayle's *"loss,"* according to the clear provisions of the statute, was the death of his wife, rather than the date he learned of a possible latent defect in the road surface. When statutory language is unambiguous, this Court may not impose a contrary meaning. *In re Vincent J.,* 333 S.C. 233, 509 S.E.2d 261 (1998).

■ The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature. *Joiner v. Rivas,* 342 S.C. 102, 536 S.E.2d 372 (2000). Under the plain meaning rule, it is not the court's place to change the meaning of a clear and unambiguous statute. *Hodges v. Rainey,* 341 S.C. 79, 533 S.E.2d 578 (2000). Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning. *Id.* What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will. *Id.* Therefore, the courts are bound to give effect to the expressed intent of the legislature. *Id.*

Provisions of the Tort Claims Act establishing limitations upon and exemptions from liability of a governmental entity must be liberally construed in favor of limiting the liability of the State. *See* S.C.Code Ann. §§ 15–78–20(f) & –200 (Supp. 1999); *Steinke v. South Carolina Dep't of Labor, Licensing & Regulation,* 336 S.C. 373, 520 S.E.2d 142 (1999); *Baker v. Sanders,* 301 S.C. 170, 391 S.E.2d 229 (1990). We conclude the Circuit Court correctly held Bayle's loss occurred on the date of his wife's death.

■ Bayle asserts the discovery rule tolled the statute of limitations until he knew a cause of action existed against DOT for his wife's death. The discovery rule is applicable to actions brought under the Tort Claims Act. *See Joubert v. South Carolina Dep't of Social Servs.,* 341 S.C. 176, 534 S.E.2d 1 (Ct.App.2000).

■ According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. *Dean v. Ruscon Corp.,* 321 S.C. 360, 468 S.E.2d 645 (1996). The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct. *Young v. South Carolina Dep't of Corrections,* 333 S.C. 714, 511 S.E.2d 413 (Ct.App. 1999). The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question. *See Joubert, supra; Young, supra.* "In other words, whether the particular plaintiff actually knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist." *Young,* 333 S.C. at 719, 511 S.E.2d at 416.

In *Young,* this Court held that an inmate was not required to know the sight in his right eye was permanently lost to be put on notice the Department of Corrections had caused him injury by delaying appropriate medical treatment. The Court found:

Viewing the facts and inferences in the light most favorable to Young, we rule he was put on notice in May of 1993 that he had a claim against the Department of Corrections

for the delay in diagnosis, treatment, or referral to a specialist. Two doctors, Dr. McLane and Dr. Gross, commented on the delay in medical treatment. On May 11, 1993, the date of his retinal repair surgery, Young was aware he had suffered a delay in treatment, that the delay concerned doctors, and that he had scar tissue built up in his eye. Thus, the statute of limitations on his claim began to run on May 11, 1993.

Although Young could not determine the extent of his loss until after the July 1994 cataract surgery, the law is clear the statute of limitations is not tolled during the period of time in which a plaintiff is merely unaware of the extent of an actionable injury. The fact that Young's vision did not deteriorate between January of 1993, when he first complained to medical personnel at Perry and May of 1993, when he was diagnosed and treated, does not present a genuine issue of material fact as to when the statute of limitations began to run. Young was not required to understand fully the ramifications of the scar tissue buildup or delay in diagnosis and treatment to be put on notice the delay had resulted in an injury.

. . . .

We hold the concernment expressed by the doctors, in conjunction with the other evidence in this case, was sufficient to place a reasonable person of common knowledge and experience on notice that a claim against the Department of Corrections might exist. Acting with reasonable diligence, Young could or should have known a cause of action might exist as of May 11, 1993. Young had until May 11, 1995, to file this action. Instead, Young did not bring this action until June 2, 1996. Because he did not file this action within two years from the time he discovered or reasonably should have discovered the injury, Young's claim is barred by the statute of limitations.

*Young*, 333 S.C. at 719–20, 511 S.E.2d at 416–17 (citations omitted).

This Court revisited the date of loss issue in *Joubert v. South Carolina Department of Social Services*, 341 S.C. 176, 534 S.E.2d 1 (Ct.App.2000). In that case, DSS denied Joubert's application for renewal of his license to operate The

Pines, a residential treatment facility for emotionally disturbed teenage girls, after determining Joubert, the director of the Pines, had neglected and failed to adequately supervise two teenage clients. Joubert filed a tort action against DSS alleging, *inter alia,* gross negligence in the failure to renew the treatment center's license. The Circuit Court granted summary judgment to DSS on the basis of the statute of limitations.

Joubert contended his loss occurred not on the date of the unfavorable DSS decision or action, but rather on the date the Family Court agreed with him the DSS decisions were improper. The Circuit Court disagreed. On appeal, this Court affirmed the Circuit Court, finding that "[u]nder the Tort Claims Act, . . . the statute of limitations begins to run when the plaintiff should know that he might have a potential claim against another, not when he develops a full-blown theory of recovery." *Joubert,* 341 S.C. at 190, 534 S.E.2d at 8.

Bayle attempts to distinguish this case from *Tanyel v. Osborne,* 312 S.C. 473, 441 S.E.2d 329 (Ct.App.1994). The facts in *Tanyel* involve a collision at an intersection. Tanyel was stopped at a red light. Osborne entered the intersection and turned left in front of an oncoming school bus driven by an employee of the Department of Education. The bus hit Osborne's car pushing it into Tanyel's car. The accident occurred on November 14, 1990. In early 1991, Tanyel brought an action against Osborne only. In early December of 1992, Tanyel amended his complaint to add the bus driver as a defendant when he discovered new evidence indicating negligence by the bus driver. Tanyel alleged the statute did not begin to run until he "discovered" evidence supporting a claim of negligence against the bus driver. The Court determined the statute of limitations on Tanyel's claim against the school bus driver began to run when Tanyel witnessed the events causing his loss, thereby putting him on notice he might have a potential claim against another person, not when he later discovered evidence to support his claim.

Bayle argues that, unlike Tanyel, he did not witness the accident and did not have personal knowledge of the circumstances surrounding it. Thus, he did not know of the loss on that date. This argument is without merit.

Bayle was informed of his wife's death on the day it occurred. The accident report read: "[Patricia Bayle's car] struck water on the road." Bayle therefore had knowledge of the circumstances of the accident. In his brief, Bayle concedes he knew it was raining on the day of his wife's accident and that Patricia's car struck a puddle of water. It is unavailing that Bayle did not personally witness the accident.

■ Viewing the evidence, as we are constrained to do, in the light most favorable to Bayle, the evidence does not demonstrate a genuine issue of material fact existed that a person possessing common knowledge and experience would not have known a *possible* cause of action existed on the date of Patricia's tragic death. Bayle knew the circumstances of Patricia's death and should have been on notice to investigate further.

■ Bayle proposes an interpretation of the discovery rule that would require absolute certainty a cause of action exists before the statute of limitations begins to run. However, that is not the law of this state.

Bayle avers the question of whether he was reasonably diligent in pursuing his claim is a jury issue that precluded summary judgment. We disagree.

Reasonable diligence is intrinsically tied to the issue of notice. The *Joubert* Court explicated: "We have interpreted the 'exercise of reasonable diligence' to mean that the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist." *Joubert*, 341 S.C. at 191, 534 S.E.2d at 8 (quoting *Dean v. Ruscon Corp.*, 321 S.C. 360, 364, 468 S.E.2d 645, 647 (1996)). *See also Burgess v. American Cancer Soc'y*, 300 S.C. 182, 386 S.E.2d 798 (Ct.App.1989)(holding statute starts to run upon discovery of such facts as would have led to knowledge thereof if pursued with reasonable diligence).

There is no evidence in the record that Bayle took any action within the two years after his wife's death. In contrast, armed with the same information, Paul Wilson filed a Free-

dom of Information Act request to determine if other accidents had occurred under similar circumstances.

Bayle asseverates the court erred in granting summary judgment because the court improperly found the alleged defect in the road surface and the absence of a barrier were patent rather than latent. In its order granting summary judgment, the court concluded: "The existence of water on the roadway and the absence of a barrier between the north [sic] bound and south [sic] bound lanes of travel were readily observable conditions on the date of the accident. These alleged 'defects' thus existed on the day of this accident, i.e. the date the 'loss' occurred."

The *cause* of Bayle's loss was not an issue of material fact with regard to the grant of summary judgment and does not mandate reversal. Counsel for Bayle conceded at the hearing that the defect was evident when it rains. The evidence showed it was raining at the time of the accident. We agree with the Circuit Court's finding the lack of a barrier on that portion of the interstate highway is immediately apparent.

Bayle cites *Ford v. South Carolina Department of Transportation,* 328 S.C. 481, 492 S.E.2d 811 (Ct.App.1997), for the proposition that the determination of whether a defect is latent or patent is a jury issue. *Ford* is not controlling because it did not involve the construction and interpretation of the Tort Claims Act's statute of limitations.

The Tort Claims Act provides potential claimants with two years in which to file suits. This two year period begins on the date of *loss* regardless of whether the plaintiff knows the *cause* of the loss. Bayle's knowledge of his loss triggered the statute and put Bayle on notice to timely investigate and determine its cause. Bayle's belated discovery of the cause of the loss does not entitle him to reversal of the order granting summary judgment. Bayle did not investigate sooner and did not file this claim until more than two years from the date of his wife's death.

## II. Necessity of Further Discovery

Finally, Bayle challenges the Circuit Court's grant of DOT's motion to quash further discovery. Bayle maintains the court

erred in granting summary judgment prior to permitting him to complete discovery. We disagree.

The rulings of a trial judge in matters involving discovery will not be disturbed on appeal absent a clear showing of an abuse of discretion. *Dunn v. Dunn,* 298 S.C. 499, 381 S.E.2d 734 (1989); *Osborne v. Adams,* 338 S.C. 82, 525 S.E.2d 268 (Ct.App.1999). An abuse of discretion occurs when the trial judge's ruling is based upon an error of law or, when based on factual conclusions, is without evidentiary support. *Fontaine v. Peitz,* 291 S.C. 536, 354 S.E.2d 565 (1987); *Osborne, supra.*

We note initially that Bayle did not move for a continuance in which to pursue further discovery. Therefore, this issue is not preserved for review on appeal. *See Degenhart v. Knights of Columbus,* 309 S.C. 114, 420 S.E.2d 495 (1992)(stating whether court erred in granting summary judgment while appellants had motion to compel outstanding was not preserved when appellants failed to move for a continuance and did not request motion for summary judgment be held in abeyance until after ruling on discovery motion); *Pryor v. Northwest Apartments, Ltd.,* 321 S.C. 524, 469 S.E.2d 630 (Ct.App.1996)(holding that issue as to whether judge erred in granting summary judgment because discovery requests were outstanding was not preserved where appellant did not ask court to continue case so discovery could be completed).

Bayle did not present argument regarding the necessity for additional discovery until after the motion for summary judgment had been granted. DOT briefly addressed the discovery issue in anticipation of Bayle's response to its motion for summary judgment. This is insufficient to preserve the issue for review. *See* 4 C.J.S. *Appeal & Error* § 219 (1993)("As a general rule, the objection in the trial court must have been made by the party who urges the error in the appellate court.").

Assuming, arguendo, this issue is preserved, we find the trial judge did not abuse his discretion in quashing the motion for additional discovery and granting summary judgment. The record in the case *sub judice* does not demonstrate further discovery would have contributed to the resolu-

tion of the issue at hand—namely, whether the statute of limitations barred Bayle's action. *See Thomas v. Waters,* 315 S.C. 524, 445 S.E.2d 659 (Ct.App.1994)(affirming grant of summary judgment when plaintiff did not demonstrate likelihood that further discovery would produce additional relevant evidence).

### CONCLUSION

We rule that issues relating to the cause of the loss rather than the date of the loss are not determinative. We hold the clear legislative intent reveals the date of the loss, not the date of the discovery of the cause of the loss, triggers the running of the statute of limitations under the Tort Claims Act. Further discovery regarding the nature of the alleged defect would not have affected the outcome of this case. Concomitantly, the trial court properly granted DOT's motion for summary judgment. Accordingly, the order of the Circuit Court granting summary judgment is hereby

**AFFIRMED.**

HEARN, C.J., and STILWELL, J., concur.