THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Commercial Investments, Inc.,       
Appellant,
 
 
 

v.

 
 
 
Ken Moorhead Oil, Inc. and Kenneth Moorhead,       
Respondents.
 
 
 

Appeal From Anderson County
Alexander S. Macaulay, Circuit Court Judge

Unpublished Opinion No. 2003-UP-199
Submitted January 29, 2003  Filed March 
 17, 2003  

AFFIRMED

 
 
 
William A. Coates, of Greenville; for Appellant
Herman E. Cox, of Greenville; for Respondents.
 
 
 

PER CURIAM: Commercial Investments, Inc. 
 filed a complaint against Ken Moorhead Oil, Inc. and Ken Moorhead, claiming 
 breach of contract and breach of contract with fraudulent intent.  The trial 
 court granted summary judgment in favor of Moorhead Oil, finding the three-year 
 statute of limitations had run.  Commercial Investments appeals, arguing the 
 trial court erred in granting summary judgment because there was a factual question 
 as to when the statute of limitations began to run.
FACTS
While building a convenience store in Anderson County, 
 John Tollison, the owner of Commercial Investments, purchased two underground 
 fuel tanks.  In 1972, Tollison entered into an oral contract with Moorhead Oil, 
 in which Tollison agreed to give the tanks to Moorhead Oil in exchange for Moorhead 
 Oil installing the tanks, pumps, and related equipment on Tollisons property 
 and paying a commission on the gas that was sold. 
Moorhead Oil abandoned the tanks in 1989 and attempted 
 to remove the tanks on two separate occasions, but each time the operators of 
 the convenience store interfered with the removal. Moorhead Oil wrote a letter 
 to the tenants of Tollison, informing them that [they] are responsible for 
 anything or any liability that arises from [their] not allowing [the removal] 
 of the tanks and that Moorhead Oil, Inc., has tried to meet their obligation 
 and does not have any other responsibility on the above location. In response 
 to this letter, an attorney representing Tollison wrote a letter stating, I 
 have been asked to contact you . . . in an effort to see that the pumps and 
 underground tanks located on property owned by Commercial Investments, Inc. 
 are safely removed by you or your agent. However, Moorhead Oil never responded 
 this letter and never removed the tanks. 
In 1998, the Department of Health and Environmental 
 Control (DHEC) required Commercial Investments to remove the tanks, and the 
 removal cost Commercial Investments over $34,000.  Commercial Investments filed 
 a complaint against Moorhead Oil on July 31, 2000, claiming breach of contract 
 and breach of contract accompanied by a fraudulent act.  Moorhead Oil moved 
 for summary judgment, arguing the statute of limitations had expired.  The trial 
 court granted the motion, finding the letter from Tollisons attorney was a 
 demand letter that evidenced Commercial Investments knowledge of its right 
 to sue, thereby activating the time-clock of the three year statute of limitations.  
 This appeal follows.
ISSUE
Did the trial court err in finding the statute of 
 limitations began to run when Tollisons attorney wrote a letter to Moorhead 
 Oil in early 1990 and thus finding Commercial Investments cause of action was 
 barred by the statute of limitations?
SCOPE OF REVIEW
Summary judgment is appropriate when 
 it is clear that there is no genuine issue of material fact and that the moving 
 party is entitled to judgment as a matter of law.  George v. Fabri, 345 
 S.C. 4450, 548 S.E.2d 868 (2001).  In ruling on a motion for summary judgment, 
 the evidence and the inferences which can be drawn therefrom should be viewed 
 in the light most favorable to the non-moving party. Id.  Appellate courts 
 review a motion for summary judgment under the same standard applied by the 
 trial court pursuant to Rule 56, SCRCP. Bayle v. South Carolina Dept. of 
 Transp., 344 S.C. 115, 120, 542 S.E.2d 736, 738 (Ct. App. 2001).
LEGAL ANALYSIS
Commercial Investments alleged two causes 
 of action sounding in contract, both of which are actions at law.  Actions at 
 law must be commenced within three years of when the plaintiff knows, or should 
 have known, it had a legal right to sue for breach of contract or else they 
 are barred by the statute of limitations.  Maher v. Tietex Corp., 331 
 S.C. 371, 500 S.E.2d. 204 (Ct. App. 1998).  The fundamental test in determining 
 whether a cause of action has accrued is whether the party asserting the claim 
 can maintain an action to enforce it.  Brown v. Finger, 240 S.C. 102, 
 124 S.E.2d 781 (1962).  
Commercial Investments contends the letter sent 
 by Tollisons attorney simply conveyed Commercial Investments willingness to 
 accommodate Moorhead Oils efforts to remove the tanks and it did not demand 
 that Moorhead remove them.  Therefore, the letter does not acknowledge its right 
 to sue.   However, even if we were to believe this interpretation of the attorneys 
 reply letter, Commercial Investments should have known it had a right 
 to sue once it received notice that Moorhead Oil believed that its responsibility 
 to remove the tanks no longer existed.    Because this notice was received in 
 December of 1989, the three-year statute of limitations had long passed when 
 Commercial Investments filed its complaint against Moorhead Oil. Therefore, 
 the trial court correctly granted summary judgment. See Bayle, 
 344 S.C. at 120, 542 S.E.2d at 738 (When plain, palpable, and indisputable 
 facts exist on which reasonable minds cannot differ, summary judgment should 
 be granted.).
For the foregoing reasons, the decision of the trial court is
 AFFIRMED.
HEARN, C.J., GOOLSBY, and SHULER, JJ., concur.