THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Aiken Technical College, Appellant,
 
 
 

v.

 
 
 
 Two State Construction Co., Inc., LS3P Associates, LTD., Buford Goff Company, Columbia Sheet Metal, Inc., Johnson Controls, Inc., and John Doe,
 Respondents.
 
 
 

 
 Appeal From Aiken County
 Reginald I. Lloyd, Circuit Court Judge
 

Unpublished Opinion No. 2005-UP-605
Submitted November 1, 2005  Filed December 1, 2005   

AFFIRMED

 
 
 
 James D. Nance and T. Paul Timmerman, of Aiken, for Appellant.
 Franklin J. Smith, Charles E. Carpenter, Jr., Rebecca Lafitte, Robert E. Horner, Richard H. Willis, Thomas M. Kennaday and Robert C. Brown, all of Columbia, N. Keith Emge and M. Elizabeth Jowers, both of Charleston Robin A. Braithwaite, of Aiken, for Respondents.
 
 
 

PER CURIAM: Aiken Technical College appeals the trial courts order of dismissal in regards to its negligence cause of action against Two State Construction Company, Inc., LS3P Associates, Ltd., Buford Goff & Associates, Inc., The Trane Company, Columbia Sheet Metal, Inc., and Johnson Controls, Inc. for an HVAC systems failure that allegedly caused significant damage.  We affirm.[1]
FACTS
In 1997, Aiken Technical College entered into an Architect Agreement with LS3P Associates, Ltd. for the design of a new Information Technology Training Center at the college.  LS3P then entered into an Owner Consultant Agreement with Buford Goff & Associates, Inc. to perform the mechanical, electrical, and plumbing services on the project.  The college also entered into a contract with Two State Construction Company, Inc. for the actual construction of the Center, which included the installation of three HVAC units by Columbia Sheet Metal, Inc.  The Trane Company manufactured and sold the HVAC units and their operating computers.  Johnson Controls, Inc. installed and maintained the operating computers.  
In December 2000, the HVAC units at the Center failed to operate properly, releasing water into the Center, which caused substantial damage to the Center and its contents.  Upon being notified of the incident, Buford Goff, LS3P, Johnson Controls, and Two State Construction joined the college in assessing the damage at the Center.  Applied Science and Engineering, on behalf of the college, also examined the building and issued a report outlining the possible causes of the incident.  
On November 26, 2003, the college filed this action against Two State Construction, LS3P, Buford Goff, The Trane Company, Columbia Sheet Metal, Johnson Controls (collectively Respondents), and an unknown party for negligence, breach of contract, breach of implied warranties of merchantability, fitness, and workmanlike manner, and breach of express warranties.  The college alleged actual and punitive damages as a result of the HVAC units failure.  Respondents filed a joint motion to dismiss the colleges claims under Rule 12(b)(6) and Rule 56, SCRCP, on the grounds that the colleges complaint failed to set forth facts sufficient to constitute a cause of action because the Consolidated Procurement Code, section 11-35-4230 of the South Carolina Code (Supp. 2003), is the exclusive means for resolving contract controversies between a state agency, such as the college, and Respondents.  Respondents also asserted the colleges claims should be dismissed because the Procurement Code provides a one year time limitation.  
At the hearing, the college conceded the Procurement Code was the exclusive means for resolving all the contract causes of action.  However, it argued the claims for negligence were not covered by the Procurement Code.  The trial court found the contracts between the college and Respondents were governed by the terms of the Procurement Code, providing the exclusive means and exclusive original jurisdiction of all disputes with the chief procurement officer and the Procurement Review Panel.  Moreover, the trial court held that nothing in the statute or case law supports [the colleges] contention that the exclusivity provision of the Procurement Code does not apply to tort actions and granted Respondents motion to dismiss, or in the alternative, for summary judgment.  This appeal followed.          
STANDARD OF REVIEW
As permitted by Rule 56(c) and (e), SCRCP, the trial court treated Respondents Rule 12(b)(6), SCRCP, motion as a motion for summary judgment because the trial court considered matters outside of the pleadings.
When reviewing the grant of a summary judgment motion, the appellate court applies the same standard that governs the trial court under Rule 56(c) of the South Carolina Rules of Civil Procedure: summary judgment is proper when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Fleming v. Rose, 350 S.C. 488, 493-94, 567 S.E.2d 857, 860 (2002).  In determining whether any triable issue of fact exists, the evidence and all inferences, which can reasonably be drawn therefrom, must be viewed in the light most favorable to the nonmoving party.  Faile v. South Carolina Dept of Juvenile Justice, 350 S.C. 315, 324, 566 S.E.2d 536, 539 (2002).  If triable issues exist, those issues must go to the fact finder.  Young v. South Carolina Dept of Corr., 333 S.C. 714, 717, 511 S.E.2d 413, 415 (Ct. App. 1999).
Summary judgment is not appropriate where further inquiry into the facts of the case is desirable to clarify the application of the law.  Vermeer Carolinas, Inc. v. Wood/Chuck Chipper Corp., 336 S.C. 53, 59, 518 S.E.2d 301, 305 (Ct. App. 1999).  All ambiguities, conclusions, and inferences arising from the evidence must be construed most strongly against the moving party.  Bayle v. South Carolina Dept of Transp., 344 S.C. 115, 120, 542 S.E.2d 736, 738 (Ct. App. 2001).  Even when there is no dispute as to evidentiary facts, but only as to the conclusions or inferences to be drawn from them, summary judgment should be denied.  See Hall v. Fedor, 349 S.C. 169, 173-74, 561 S.E.2d 654, 656 (Ct. App. 2002).  Moreover, summary judgment is a drastic remedy, which should be cautiously invoked so no person will be improperly deprived of a trial of the disputed factual issues.   Lanham v. Blue Cross & Blue Shield, 349 S.C. 356, 363, 563 S.E.2d 331, 336 (2002).
LAW/ANALYSIS
The college claims the trial court erred in granting summary judgment because the South Carolina Consolidated Procurement Code, section 11-35-4230 of the South Carolina Code (Supp. 2003), is not applicable to the negligence cause of action.  We disagree. 
Section 11-35-4230(1) provides the exclusive means of resolving a controversy between the State and a contractor or subcontractor, which arises under or by virtue of a contract between them including, but not limited to, controversies based upon breach of contract, mistake, misrepresentation, or other cause for contract modification or recision.  (emphasis added).  The procedure set forth in the Procurement Code is the exclusive means of resolving a controversy, whether or not the parties voluntarily chose to proceed under the Code.  Unisys Corp. v. S.C. Budget & Control Bd., 346 S.C. 158, 170, 551 S.E.2d 263, 270 (2001).  According to the statute, a request for resolution of a contract controversy must be filed in writing to the appropriate chief procurement officer within one year of the date the requesting party first knows or should know of a latent defect.  S.C. Code Ann. § 11-35-4230(2).     
 The contract between the college and Two State was for the construction of the Center and included a provision that the Procurement Code would constitute the exclusive means of resolving controversy between the State and a Contractor or Subcontractor.  Respondents allege the contract between the college and LS3P contained similar language.  However, this contract was not provided to this court in the Record on Appeal, though it is quoted by the trial court in its order granting the dismissal.  The terms of the contract between LS3P and Buford Goff stipulated disputes be resolved in the same manner as that provided for by the agreement between [the college] and [LS3P].  
The negligence cause of action for the failure of the HVAC system arose out of the contract between the parties; it was not a separate tort that existed outside of the contract.  See Unisys Corp., 346 S.C. at 170, 551 S.E.2d at 270 (finding the Procurement Code procedures applied to the States claims for fraud in the inducement and punitive damages, even though the cause of action was not enumerated in the statute).  Even if the contracts did not provide for disposition of disputes through the Procurement Code, the statute applies.  Therefore, the college should have submitted a request for resolution of the controversy to the appropriate chief procurement officer in writing within one year of the date it first knew or should have known of the alleged negligence.  Because the college was required to exhaust its administrative remedies as a matter of law, summary judgment was proper.      
CONCLUSION
For the reasons stated above, the trial courts decision is hereby
AFFIRMED.
KITTREDGE, WILLIAMS, JJ., AND CURETON, A.J.,  CONCUR.

[1] We decide this case without oral argument, pursuant to Rule 215, SCACR.