**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Theophilius Hamilton, Appellant,

v.

Beaufort County Sheriff's Office, Respondent.

Appellate Case No. 2014-001862

---

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-196
Submitted February 1, 2016 – Filed May 11, 2016

---

**AFFIRMED**

---

Eric J. Erickson, of Erickson Law Firm, LLC, of Beaufort, for Appellant.

Mary Bass Lohr, James Andrew Yoho, and Steven A. Jordan, Jr., all of Howell, Gibson & Hughes, PA, of Beaufort, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Sims v. Amisub of S.C., Inc.*, 414 S.C. 109, 114, 777 S.E.2d 379, 382 (2015) ("An appellate court reviews the grant of summary judgment using the

same standard employed by the circuit court." (quoting *Columbia/CSA-HS Greater Columbia Healthcare Sys., LP v. S.C. Med. Malpractice Liab. Joint Underwriting Ass'n*, 411 S.C. 557, 560, 769 S.E.2d 847, 848 (2015))); Rule 56(c), SCRCP (stating summary judgment is proper when "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law"); *Pye v. Estate of Fox*, 369 S.C. 555, 563, 633 S.E.2d 505, 509 (2006) ("In determining whether any triable issue of fact exists, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party."); *id.* ("If triable issues exist, those issues must go to the jury."); S.C. Code Ann. § 15-78-110 (2005) ("[A]ny action brought pursuant to [The South Carolina Tort Claims Act] is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered[.]");  S.C. Code Ann. § 15-3-40 (2005) (tolling the statute of limitations until one year after the eighteenth birthday for a person under the age of eighteen when a cause of action under the Tort Claims Act arises); *Joubert v. S.C. Dep't of Soc. Servs.*, 341 S.C. 176, 190, 534 S.E.2d 1, 8 (Ct. App. 2000) ("The discovery rule is applicable to actions brought under the Tort Claims Act."); *Bayle v. S.C. Dep't of Transp.*, 344 S.C. 115, 123, 542 S.E.2d 736, 740 (Ct. App. 2001) ("According to the discovery rule, the statute of limitations begins to run when a cause of action reasonably ought to have been discovered."); *id.* ("The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct."); *id.* ("The date on which discovery of the cause of action should have been made is an objective, rather than subjective, question."); *id.* ("[W]hether the particular plaintiff actually knew he had a claim is not the test.  Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice . . . that some claim against another party might exist." (quoting *Young v. S.C. Dep't of Corrs.*, 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999))); *Doe v. Bishop of Charleston*, 407 S.C. 128, 140, 754 S.E.2d 494, 500-01 (2014) ("Deliberate acts of deception *by a defendant* calculated to conceal from a potential plaintiff that he has a cause of action toll the statute of limitations." (emphasis added)).[1]

**AFFIRMED.**[2]

---

[1] Hamilton asserts actions by the Fourteenth Circuit Solicitor's Office tolled the applicable statute of limitations; however, no evidence in the record demonstrates any action by the Beaufort County Sheriff's Office that would support tolling.

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**