**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Basil W. Akbar, Appellant,

v.

South Carolina Department of Corrections, Bill Byers, Martha Roof, Debrah Long, Lisia Johnson, Ann and John Doe, Respondents.

Appellate Case No. 2013-002306

---

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-348
Submitted February 1, 2016 – Filed July 6, 2016

---

**AFFIRMED**

---

Basil W. Akbar, pro se.

Daniel R. Settana, Jr. and Brandon Paul Jones, both of McKay Cauthen Settana & Stubley, PA, of Columbia, for Respondents.

---

**PER CURIAM:** Basil Akbar, an inmate serving a life sentence, appeals the circuit court's order granting Respondents' motion to dismiss and motion for

summary judgment.  On appeal, Akbar argues the circuit court erred in (1) denying his motion to compel discovery and his request for damages, and granting Respondents' motion for summary judgment and motion to dismiss; (2) not finding Respondents unlawfully deprived him of personal property; (3) not finding Respondents' refusal to process grievances constituted default and reprisal; (4) not finding Respondents' conduct of closing his account and fraudulently appropriating his work-release escrow savings account violated his constitutional rights; and (5) not finding Respondents' conduct hindered Akbar's "ability to grieve Civil Rights and Civil liberty claims."  We affirm.

Summary judgment was proper because Akbar's claims were barred by the two-year statute of limitations in the Torts Claims Act.  *See Young v. S.C. Dep't of Corr.*, 333 S.C. 714, 717, 511 S.E.2d 413, 415 (Ct. App. 1999) ("Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."); *id.* at 717-18, 511 S.E.2d at 415 ("In determining whether any triable issue of fact exists, as will preclude summary judgment, the evidence and all inferences which can be reasonably drawn therefrom must be viewed in the light most favorable to the nonmoving party."); S.C. Code Ann. § 15-78-110 (2005) (setting forth a two-year statute of limitations for claims arising under the Tort Claims Act).[1]  Regarding any alleged misappropriation of the 1981 account, Akbar waited until January 2013 to file his complaint.  Viewed in the light most favorable to Akbar, the record shows he was aware the 1981 account did not exist more than two years prior to filing the complaint.  Akbar admitted in his complaint that he first became aware on February 9, 2009, that the Department of Corrections (the Department) did not have any records of the 1981 account.  Additionally, the record contains a document from the Department dated April 28, 2010, informing Akbar it did not

---

[1] We find the circuit court properly applied the two-year statute of limitations because Akbar did not submit evidence showing he filed a verified claim.  *See Flateau v. Harrelson*, 355 S.C. 197, 207, 584 S.E.2d 413, 418 (Ct. App. 2003) (stating the claimant must file a verified claim pursuant to section 15-78-80 of the South Carolina Code (2005 & Supp. 2015) for the three-year statute of limitations to apply); *Pollard v. Cty. of Florence*, 314 S.C. 397, 400, 444 S.E.2d 534, 535 (Ct. App. 1994) ("[T]he 'verified claim' procedure must be strictly complied with in order to trigger the three-year limitations period."); *Flateau*, 355 S.C. at 208, 584 S.E.2d at 418 (finding the two-year statute of limitations applied when the record did not contain evidence showing the claimant filed a verified claim).

have any record of that account. Notwithstanding that, Akbar waited until January 16, 2013, to file his complaint. Thus, viewed in the light most favorable to Akbar, the circuit court properly determined Akbar's claims related to the alleged misappropriation of his 1981 account were barred by the two-year statute of limitations.

Additionally, any claims arising from Respondents' alleged failure to timely respond to Akbar's requests or provide him information about the account were barred by the two-year statute of limitations. Akbar filed Step 1 grievance forms on August 18, 2009; March 19, 2010; May 4, 2010; and June 16, 2010; alleging the Department's employees were not timely responding to his requests and asserting the Department and its employees were committing a tort by refusing to provide information about the account. Thus, viewed in the light most favorable to Akbar, Akbar was aware of the facts giving rise to his allegations on August 18, 2009; March 19, 2010; May 4, 2010; and June 16, 2010; yet he waited until January 16, 2013, to file his complaint. Accordingly, any claims related to Respondents' alleged failure to timely respond to Akbar's requests or provide him information about the account were barred by the two-year statute of limitations.

Because the circuit court properly granted summary judgment on the basis that Akbar's claims were barred by the statute of limitations, it did not err in denying his motion to compel discovery on the ground the motion was moot. *See Young*, 333 S.C. at 718, 511 S.E.2d at 415 ("[W]hen plain, palpable, and indisputable facts exist on which reasonable minds cannot differ, summary judgment should be granted.").[2]

**AFFIRMED.**[3]

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**

---

[2] Because our finding that the circuit court properly granted summary judgment based on the two-year statute of limitations is dispositive, we do not consider Akbar's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address remaining issues when determination of a prior issue is dispositive).
[3] We decide this case without oral argument pursuant to Rule 215, SCACR.