**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Matthew L. Dawson and Kateri Dawson, Plaintiffs,

Of whom Matthew L. Dawson is the Appellant,

v.

Ravenel Associates, Inc. d/b/a Ravenel Associates, Defendant.

Mathew L. Dawson, Plaintiff,

v.

Village Green Homeowners Association, Defendant,

Of whom Village Green Homeowners Association is the Respondent.

Appellate Case No. 2016-000553

---

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

---

Unpublished Opinion No. 2018-UP-164
Submitted March 1, 2018 – Filed April 18, 2018

---

**AFFIRMED**

---

Matthew L. Dawson, of Charleston, pro se.

Dennis Gary Lovell, Jr., Douglas Walker MacKelcan, III, and William Joseph Farley, III, all of Carlock Copeland & Stair, LLP; and Kevin W. Mims, of Luzuriaga Mims, LLP, all of Charleston, for Respondent.

---

**PER CURIAM:**  Matthew L. Dawson appeals the circuit court's order granting summary judgment in favor of Village Green Homeowners Association, arguing the circuit court erred by (1) granting summary judgment in favor of Village Green based on breach of confidentiality, (2) granting summary judgment in favor of Village Green based on the business judgment rule, and (3) granting summary judgment in favor of Village Green when it made no motion for summary judgment.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to Issues 1 and 3: *Thomas v. Waters*, 315 S.C. 524, 526, 445 S.E.2d 659, 660 (Ct. App. 1994) ("According to Rule 56(b), SCRCP, a defending party may move for summary judgment at any time."); Rule 56(b), SCRCP (providing a defending party "may, at any time, move with or without supporting affidavits for a summary judgment in his favor . . . ."); Rule 42(a), SCRCP ("When actions involving a common question of law or fact are pending before the [circuit] court, it may order a joint hearing or trial of any or all matters in issue in the action; [and] it may order all the actions consolidated . . . .").

2.  As to Issue 2: *Bovain v. Canal Ins.*, 383 S.C. 100, 105, 678 S.E.2d 422, 424 (2009) ("An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP."); *Hancock v. Mid-S. Mgmt. Co.*, 381 S.C. 326, 329, 673 S.E.2d 801, 802 (2009) ("Summary judgment is appropriate where there is no genuine issue of material fact and it is clear the moving party is entitled to a judgment as a matter of law."); *Fisher v. Shipyard Vill. Council of Co-Owners, Inc.*, 415 S.C. 256, 270, 781 S.E.2d 903, 910 (2016) ("In determining whether any triable issues of material fact exist, the court must view the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the non-moving party."); *Hancock*, 381 S.C. at 330, 673 S.E.2d at 803 ("[T]he non-moving party is only required to submit a mere scintilla of evidence in order to withstand a motion for summary judgment."); *Carolina Chloride, Inc. v. Richland Cty.*, 394 S.C. 154, 163, 714 S.E.2d 869, 873

(2011) (providing that in a negligence action, "a plaintiff 'must show (1) a duty of care owed by the defendant to the plaintiff; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach'" (quoting *Tanner v. Florence Cty. Treasurer*, 336 S.C. 552, 561, 521 S.E.2d 153, 158 (1999))); *Baughman v. Am. Tel. & Tel. Co.*, 306 S.C. 101, 116, 410 S.E.2d 537, 546 (1991) ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986))).

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.