20925

Josie B. MILLS, Respondent, v. B. S. KILLIAN, Mamie L. Killian, J. I. Kislak Mortgage Corporation, First Carolina Savings and Loan Association and J. Carlisle Oxner, Defendants, of whom First Carolina Savings and Loan Association is Appellant, and J. Carlisle Oxner is also a Respondent.

(254 S. E. (2d) 556)

*David W. Robinson, II,* Columbia, *for appellant First Carolina Savings and Loan Association.*

*Roy D. Bates,* Columbia, *for defendants Killian, et al.*

*Samuel H. Carter,* Columbia, *for defendant J. I. Kislak Mortgage Corp.*

*J. Carlisle Oxner,* Columbia, *for respondent Oxner.*

*Robert C. Elliott,* Columbia, *for respondent Mills.*

April 3, 1979.

NESS, Justice:

This is a mortgage foreclosure. We affirm in part and reverse in part.

In 1955, W. L. Glisson conveyed the instant property to C. R. Estabrook subject to the mortgage of the predecessor of First Carolina Savings & Loan, the appellant. Thereafter, Estabrook gave a second note and mortgage to Johnny L. Baker to secure a loan of $2,700.00. This second mortgage was assigned to the respondent, Josie B. Mills.

In 1958, First Carolina's predecessor foreclosed on the Glisson mortgage. Its attorney, respondent J. Carlisle Oxner, failed to discover the Mills' mortgage assignment and neglected to name her as a party defendant.

As a result of the foreclosure action, First Carolina's predecessor acquired the property, and it eventually passed to the Killians, the present owners.

In 1975, Mills commenced this action to foreclose her mortgage, naming the Killians and the other mortgage lienholder, J. I. Kislak Mortgage Corporation, as parties defendant. The

Killians joined their predecessor in title, First Carolina, as a party defendant. First Carolina then joined Oxner as a party defendant and cross-claimed against him on a negligence cause of action.

The trial court concluded that Mills had a valid mortgage on the premises and that the mortgage debt totalled $8,224-.79. It also found that the Mills' mortgage assignment was properly recorded so as to afford record notice to subsequent purchasers, and that indexing of the mortgage assignment was not necessary under the law. The court held Mills should recover her mortgage debt from First Carolina. Also, the court concluded although First Carolina had no notice of the defect in its title prior to commencement of the Mills' foreclosure action, it was barred by the statute of limitations from pursuing its cross action against Oxner for his negligent handling of the 1958 foreclosure action.

Initially, appellant asserts the mortgage assignment by Baker to Mills was not recorded by the clerk of court in conformity with the requirements of Code § 30-7-40 (1976). Appellant argues that as a result of the alleged improper recordation of the assignment, there was no notice to subsequent purchasers. We disagree.

Code § 30-7-40 provides that in order to be effectively recorded an assignment shall be:

". . . upon the record of the recorded mortgage . . . except that it may be recorded elsewhere in the record for the recording of mortgages should there be no place upon the record of the mortgage . . . sufficient for the recordation of such assignment, in which event there shall be entered on the margin of the recorded mortgage . . . whose assignment has been thus recorded elsewhere an appropriate reference to such recordation . . ."

The Mills' assignment appears on the fourth and last page of the mortgage instrument, or the "jacket" face which normally bears the recording information. The four pages appear

consecutively on pages 57, 58, 59 and 60 of Mortgage Book 223. The trial judge held that it was unnecessary that a notation of the assignment appear on the margin of the recorder's page because the assignment appears "upon the record of the recorded mortgage" pursuant to Code § 30-7-40. As the assignment was an integral part of the mortgage, it did not require separate indexing under Code § 30-7-40.

Appellant argues that the mortgage is contained in its entirety at pages 57, 58 and 59, and that page 60 is not a part of the "record of the mortgage" since only the assignment appears on that page. We disagree.

The trial court correctly held that the assignment, located on the final page of the mortgage, was a part of the record of the recorded mortgage. It appears that the attorney could have discovered the assignment by the exercise of due diligence. Accordingly, this exception has no merit.

Appellant next contends the clerk of court failed to index the mortgage assignment in any index book, and that, therefore, the assignment was not properly recorded. This is without merit.

As the assignment was essentially part of the mortgage, for purposes of recording, it was unnecessary to separately index the document pursuant to Code § 30-9-40 (1976). Moreover, in 1955, at the time this instrument was recorded, the clerk of court for Richland County kept no indices for assignments of mortgages.

Finally, appellant asserts the trial court erred in ruling that its cross-action against Oxner was barred by the statutes of limitation. We concur.

The only defense raised by Oxner to the First Carolina cross-claim was that any action against him based on his 1958 negligence is barred by the six year or ten year statute of limitations. See Code §§ 15-3-530 and 15-3-600 (1976).

The trial court relied on an old South Carolina case for the proposition that an action based on negligence accrues for statute of limitations purposes, when the negligent act is committed. *Thomas' Ex'rs. v. Ervin's Ex'rs.*, 25 S. C. L. (Cheves) 22 (1839). The modern trend in professional negligence or malpractice cases, however, is that accrual is upon discovery by the injured party. See *Gattis v. Chavez*, 413 F.Supp. 33 (D. C. S. C. 1976).

In *Chavez*, a medical malpractice action where the injury was not discovered until the statute of limitations had run under old South Carolina practice, Judge Hemphill adopted the "discovery" rule which is the law in 22 states. For cases applying this theory to legal malpractice actions see *Family Savings & Loan, Inc. v. Ciccarello*, 207 S. E. (2d) 157 (W. Va. 1974) and *Hillock et al. v. Idaho Title & Trust Co.*, 22 Idaho 440, 126 P. 612 (1912); *Edwards v. Ford*, 279 So. 2d 851 (Fla. 1973); *Kohler v. Woollen, Brown & Hawkins*, 15 Ill. App. 3d 455, 304 N. E. (2d) 677 (1973); *Hendrickson et al. v. Sears*, 365 Mass. 83, 310 N. E. (2d) 131 (1974); *Cameron v. Montgomery*, 225 N. W. (2d) 154 (Iowa 1975).

We conclude the accrual upon discovery rule represents the more equitable and rational view. It would be manifestly unfair to hold First Carolina liable on its general warranty deed but not permit it to prevail against Oxner when First Carolina had no knowledge of his negligence until institution of this foreclosure action. We remand to the trial court for entry of judgment against Oxner.

Affirmed in part; reversed and remanded in part.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.