## 21700

Pride C. BROWN, Jr., Raymond C. Enders, Larry W. Blair, Talley R. Keisler, Jr., Lida L. Keisler, George A. Stanley, Richard L. Gunter, Phyllis R. Gunter, George Grinton, Robert E. Fancher, Louise C. Fancher, Janie R. Wilson, Milton Albert St. John, L. C. Baker, Jr., Rita B. Baker, William B. Owens, Pearson G. Lang, Jr., Jean B. Lang, Charles Fred Haeflinger, Jane L. Haeflinger, Patricia M. Ross and Jimmy Ray Scruggs, Appellants, v. SANDWOOD DEVELOPMENT CORPORATION and Thomas Sharpe, Respondents.

(291 S. E. (2d) 375)

*Kirby D. Shealy, Jr.,* of *Wise, Wise & Shealy,* Columbia, *for appellants.*

*Steven M. Anastasion* and *Wayne F. Rush, Callison, Tighe & Rush,* and *William K. Easterling,* Columbia, *for respondents.*

April 27, 1982.

NESS, Justice:

This is a tort action alleging respondents, Sandwood and Sharpe, were negligent in designing and constructing a con-

crete spillway. The trial court directed a verdict in favor of respondents. We disagree and reverse.

This spillway was constructed in 1968 by respondent Sharpe for respondent Sandwood Development Corporation. The appellants are owners of residential lots surrounding the pond where the spillway is located. Sandwood was the original vendor-subdivider of the residential lots which he sold to six of the appellants. The Sandwood dam collapsed on December 12, 1976, and this action was commenced in April of 1977.

The trial court directed a verdict for respondents based upon the six year statute of limitations.

Appellants assert the trial court erred in refusing to adopt the "discovery rule." Respondents argue that negligence in building construction implies a contract so that the breach occurred when the contract was broken or, as here, when the spillway was built, *Livingston v. Sims*, 197 S. C. 458, 15 S. E. (2d) 770 (1941), and the statute of limitations would bar recovery.

"The modern trend in professional negligence or malpractice cases, however, is that accrual is upon discovery by the injured party." *Mills v. Killian*, 273 S. C. 66 at 70, 254 S. E. (2d) 556 (1979); *Gattis v. Chavez*, 413 F.Supp. 33 (D.C.S.C. 1976). In *Mills, supra*, we adopted the "discovery rule" as it "represents the more equitable and rational view." 273 S. C. at 70, 254 S. E. (2d) 556. The reasoning in *Mills* is equally applicable here.

Where latent defects, as here, are discovered in actions involving malpractice or subdivided real property we hold the "discovery rule" applies so that the breach here occurred when the defect in the spillway was discovered in December of 1976. See 93 A. L. R. 3d 1242.

Next, appellants contend the trial court erred in granting the involuntary nonsuit based on insufficiency of the evidence. On review we must view the evidence in the light most favorable to the plaintiffs below. See cases enumerated at "Trial," Key No. 165, West's S. C. Digest.

At trial, appellants relied primarily on the testimony of Zana William Abernathy, an accepted expert in engineering

and construction. Mr. Abernathy testified the dam was stable prior to installation of the spillway and that the main cause of the dam's failure was the spillway's structural inadequacy. His testimony concerning the inadequacies in the spillway as they relate to the *most probable* cause of the dam's failure are (1) the erosion of the spillway due to the lack of a "cut off" which is a concrete slab that allows water to run underneath the spillway, and (2) the lack of sufficient reinforcing steel in the concrete slab of the spillway. This testimony was not objected to.

The basis of a motion for nonsuit is that there is *no* evidence to support an alleged cause of action. Circuit Court Rule 76. *Milligan v. Winn-Dixie Raleigh, Inc.,* 273 S. C. 118, 254 S. E. (2d) 798 (1979). Here the testimony of Mr. Abernathy establishes sufficient evidence of negligence so that the granting of the nonsuit was error.

Appellants next argue the trial court erred in finding there was no evidence introduced to prove who actually constructed the spillway. We agree.

Respondent Sandwood in paragraph four of their answer alleged Sharpe was employed by Sandwood to construct the spillway. Likewise, respondent Sharpe in paragraph four of his answer admits he was employed to build the spillway. Moreover, the trial judge agreed the pleading admitted the spillway was built by one of the respondents. (Tr. 26 f. 15-18). No further proof of this issue is necessary. *Hunnicutt v. Rickenbacker,* 268 S. C. 511, 234 S. E. (2d) 887 (1977).

Next appellants assert the trial court erred in finding them contributorily negligent in failing to inspect or maintain the spillway and dam. We agree, as questions of contributory negligence are ordinarily for determination by the jury. *Kennedy v. Custom Ice Equipment Company,* 271 S. C. 171, 246 S. E. (2d) 176 (1978), and must be determined in reference to all the facts and circumstances of a particular case. *Taylor v. Bryant,* 274 S. C. 509, 265 S. E. (2d) 514 (1980).

Here, appellants' expert witness testified that a layman probably could not have detected any erosion in the dam

prior to the break, and possibly even an engineer could not have spotted any trouble. He further stated a void may have formed causing the collapse and that this could have been detected without drilling through the spillway and dam structure. In addition, witness Fancher testified he worked on the dam clearing debris every two to three months and had never observed any erosion prior to the break. Clearly, the finding by the trial judge of contributory negligence as a matter of law was error.

Next, appellants contend the trial judge erred in holding the respondent Sandwood not liable for the construction of the spillway pursuant to certain restrictive covenants contained in the deeds to the land. All of these instruments were executed and recorded *prior* to the installation of the spillway on the dam in 1968. Sandwood argues this spillway was contemplated by the parties even though not specifically contained in the covenants. We disagree. The installation of this spillway was clearly outside the scope of anything intended by these earlier recorded instruments and the trial court erred in finding otherwise.

Finally, appellants allege the trial court erred in applying the doctrine of caveat emptor to a sale of improved realty, i.e., the dam and spillway. We agree. In *Lane v. Trenholm Building Company,* 267 S. C. 497, 229 S. E. (2d) 728 (1976) we adopted the rule of caveat venditor stating there is an *implied warranty of fitness for the intended use of the realty which* springs from the sale itself. Id. at 229 S. E. (2d) 729. *Rogers v. Scyphers,* 251 S. C. 128, 161 S. E. (2d) 81 (1968). Thus, caveat venditor is applicable here.

We reverse and remand for a trial on the merits.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.