1376

Danny WILSON, Appellant v. Dr. Samuel SHANNON, Respondent.

(386 S. E. (2d) 257)

Court of Appeals

*T. Alexander Beard* and *William S. Coleman, Jr.*, of *Cooper, Beard & Dibble*, Columbia, and *J. Lawrence Duffy, Jr.*, Charleston, *for appellant.*

*Jeter E. Rhodes, Jr.*, and *John C. Bradley, Jr.* of *Whaley, McCutchen, Blanton & Rhodes*, Columbia, *for respondent.*

Heard May 10, 1989.

Decided July 31, 1989.

Amended Oct. 16, 1989.

BELL, Judge:

This is an action in negligence for medical malpractice. At the close of the evidence, the circuit court directed a verdict for the doctor, Samuel Shannon, on the ground that the action was time barred by operation of Section 15-3-545, Code of Laws of South Carolina, 1976, as amended. The patient, Danny Wilson, appeals. We affirm.

Wilson commenced the action by filing on September 21, 1984. He served Shannon with the summons and complaint on October 2, 1984. The following January, Wilson filed an amended complaint. Shannon answered the amended complaint with a general denial and pleaded the statute of limitations as a bar to the suit.

The question presented for our decision is whether Wilson's alleged cause of action accrued before October 2, 1981. If it did, the ruling of the trial judge was correct and the judgment must be affirmed.

The statute of limitations for medical malpractice actions provides that such actions must be commenced "within three years from the date of the treatment, omission or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered, not to exceed six years from date of occurrence." Section 15-3-545; *Austin v. Conway Hospital, Inc.*, 292 S. C. 334, 356 S. E. (2d) 153 (Ct. App. 1987).

Under the discovery rule, the statute does not run from the date of the negligent act, but from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence. *Smith v. Smith*, 291 S. C. 420, 354 S. E. (2d) 36 (1987); *Austin v. Conway Hospital, Inc., supra; Dillon County School District Number Two v. Lewis Sheet Metal Works, Inc.*, 286 S. C. 207, 332 S. E. (2d) 555 (Ct. App. 1985). One is charged with discovery when the facts and circumstances of an injury would put a person of common knowledge and experience on notice that some claim against the defendant might exist. *Austin v. Conway Hospital, Inc., supra.* The test is an objective one. *Id.*

In this case, Wilson alleges that Shannon was negligent in using the drug Valium to treat him for chronic anxiety and depression. The evidence shows Wilson

first went to Shannon in December 1971 for an anxiety disorder that manifested itself in the form of panic attacks. Wilson was under Shannon's medical care from that time until October 6, 1981, when Shannon terminated care.

During this period, Shannon routinely prescribed Valium as the treatment of choice for Wilson's malady. Beginning sometime in 1974, Wilson told Shannon he was not being successfully treated and his condition was worsening. Shannon continued to prescribe Valium, merely altering the dosage. Over time, it appears Wilson became addicted to Valium, although it was not effective in treating his condition.

In January, 1981, while still under Shannon's care, Wilson went to Dr. Benny Marshall for treatment. According to Wilson, on his first visit, Marshall reviewed his medical record. He explained that Wilson did not need to be on Valium. However, he could not take Wilson off Valium all at once. Because Wilson had used Valium for so many years, Marshall would have to taper him off the drug over time. Marshall prescribed Corgard, an anti-hypertensive, and ordered Wilson to lose weight and exercise more.

On a return visit in April, 1981, Dr. Marshall told Wilson his diagnosis was depression. He told Wilson he needed to be on an antidepressant, not on Valium, which is a depressant. Marshall prescribed Ludiomil to treat Wilson's condition, warning him that the drug would have some negative side effects at the start. During his first week on Ludiomil, Wilson suffered several adverse side effects.

Dr. Marshall urged him to continue with the drug. After about ten days, the side effects diminished and Wilson began to feel better. Gradually, over the next weeks and months his condition improved. He experienced more energy, his depressive symptoms decreased, he was able to sleep, his initiative began to come back, and he felt better about himself. He ascribed his improvement to his change of doctors.

The only reasonable inference to be drawn from this evidence is that well before October 2, 1981, Wilson was on notice that Shannon had been prescribing the wrong drug to treat his problem. He knew as early as 1974 that Valium was ineffective and his condition was getting worse. No later

than April 8, 1981, he knew he should not be taking Valium, but an antidepressant. These facts, actually known by Wilson, were sufficient to put a person of common knowledge and experience on notice that some claim against Shannon might exist. We hold that as of April 8, 1981, if not earlier, Wilson was chargeable with discovery of Shannon's alleged negligence and that his cause of action accrued on that date. Consequently, this action, filed and served on October 2, 1984, is barred by Section 15-3-545.

In view of our disposition of the appeal, we need not address the other issues raised by the parties. The judgment of the circuit court is affirmed.

Affirmed.

SANDERS, C. J., and LITTLEJOHN, A.J., concur.