## 1884

Renee H. JOHNSON, Appellant v. Allie G. PHIFER, DDS, Respondent.

(424 S.E. (2d) 532)

Court of Appeals

*William H. Johnson* of *Coffey, Chandler & DuRant,* Manning, *for appellant.*

*Charles E. Carpenter, Jr., F. Barron Grier, III,* and *Deborah L. Harrison,* Columbia, *for respondent.*

Heard Oct. 12, 1992.

Decided Nov. 9, 1992.

CURETON, Judge:

This case involves application of the statute of limitations for medical malpractice. The trial court granted judgment on the pleadings to the physician. The patient appeals. We affirm.

The patient, Renee Johnson, alleges she consulted Dr. Allie G. Phifer, a dentist, for dental and orthodontic treatment. The period of treatment began in April 25, 1974, and ended on May 10, 1977. During the course of treatment, Dr. Phifer extracted several teeth and applied braces to other teeth. The complaint

alleges she later began developing problems in both her right and left temporomandibular joints. She alleges these problems are the result of negligent actions by Dr. Phifer in his treatment of her. For purposes of this appeal, the parties agree Miss Johnson discovered the alleged negligence in April of 1987, almost ten years after her last treatment by Dr. Phifer. Her suit was commenced on March 12, 1990. In his answer, Dr. Phifer alleged S.C. Code Ann. § 15-3-545 (Supp. 1991) as an affirmative defense and specifically relied upon the six-year repose provision contained within the code section as a bar to this suit.

The trial court held Miss Johnson's cause of action accrued when she discovered it in April of 1987. Further, the court held Section 15-3-545 was applicable to the case when the claim accrued and the claim was barred because Miss Johnson did not institute her suit within six years from the date of occurrence as required under the statute.

■ S.C. Code Ann. § 15-3-545 deals with actions for medical malpractice and provides, in part, as follows:

[For causes for action arising or accruing prior to April 5, 1988, the following provisions will apply:]
Any action to recover damages for injury to the person arising out of any . . . dental treatment . . . shall be commenced within three years from the date of treatment . . . giving rise to the cause of action or three years from the date of discovery or when it reasonably ought to have been discovered, *not to exceed six years from date of occurrence . . . provided, however, that the provisions of this section shall apply only to causes of action which arise after June 10, 1977, and, as to causes of action which arise prior to June 10, 1977, the statute of limitations existing prior to June 10, 1977 shall apply.* (Emphasis added.)

The six-year repose limitation is an outer limit for a medical malpractice claim and is applicable whether or not the alleged malpractice is discovered within that period. The South Carolina Supreme Court has declared this provision constitutional. *Hoffman v. Powell*, 298 S.C. 338, 380 S.E. (2d) 821 (1989).

Miss Johnson argues the court erred in its application ■ of the statute of limitations. She contends her cause of action arose at the time of the alleged negligent treatment which was before June 10, 1977. Therefore, she asserts the six-year statute of limitations in effect before the date applies to her as referenced in Section 15-3-545. Moreover, she contends she may apply the "discovery rule" to her case. Since she did not discover the injury resulting from the alleged negligence until 1987, she brought her claim within six years from that time and complied with the applicable statute of limitations. *See Gattis v. Chavez*, 413 F. Supp. 33 (D.C.S.C. 1976).

We agree with the trial court's conclusion that Miss Johnson's cause of action arose in April of 1987 when she discovered the alleged negligence and not when the alleged treatment took place. The South Carolina Supreme Court recognized the accrual upon discovery rule for professional negligence cases in *Mills v. Killian*, 273 S.C. 66, 254 S.E. (2d) 556 (1976). This court applied the discovery rule to a medical negligence case in *Wilson v. Shannon*, 299 S.C. 512, 386 S.E. (2d) 257 (Ct. App. 1989). In *Wilson* this court concluded "[u]nder the discovery rule, the statute [of limitations] does not run from the date of the negligent act, but from the date when the injury resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence." *Id*. at 513, 386 S.E. (2d) at 258.

Miss Johnson's argument has her claim accruing at two separate times. First, she asserts it accrues at the date of the alleged negligent treatment, enabling her to apply the pre-June 1977 statute of limitations which did not have a repose provision. Second, she also asserts it accrued when she discovered the injury resulting from the alleged negligent act so she may apply the discovery rule to actions under the old statute of limitations. However, our precedents establish her claim accrued when she discovered the alleged negligence. When her claim accrued, the statute of limitations then in effect contained the six-year repose provision. Unfortunately, this provision made her suit untimely since the action was brought more than six years from the date of occurrence.

Affirmed.

GARDNER and BELL, JJ., concur.