## 2130

Faruk I. TANYEL, Appellant v. Julia H. OSBORNE and South Carolina Department of Education, of whom South Carolina Department of Education is Respondent.

(441 S.E. (2d) 329)

Court of Appeals

*Jim S. Brooks,* Spartanburg, *for appellant.*

*J. Mark Hayes, II,* Spartanburg, *for respondent.*

*Gene Adams,* Spartanburg, *for defendant Julia H. Osborne.*

Submitted Jan. 11, 1994.

Decided Feb. 7, 1994.

CONNOR, Judge:

This accident between an automobile and a school bus involves the two-year statute of limitations in the South Carolina Tort Claims Act. The trial judge granted summary judgment to the South Carolina Department of Education (department). Tanyel appeals. We affirm.

The Tort Claims Act bars any action which is not "commenced within two years after the date the loss was or should have been discovered. . . ." S.C. Code Ann. § 15-78-110 (Supp. 19093). It is undisputed Tanyel knew of his "loss" on the day of the accident. The trial judge reasoned the failure to bring an action within two years after the "loss" precluded the present action.

The facts here involve a collision at an intersection. Tanyel was stopped at a red light. Osborne entered the intersection and turned left in front of the oncoming school bus driven by the department's employee. The bus hit Osborne's car pushing it into Tanyel's car.

The accident occurred on November 14, 1990. In early 1991, Tanyel brought an action against Osborne only. Sometime prior to November 14, 1992, Tanyel's attorney discussed the accident with Leann Gresham, the driver of a car facing the same direction as Tanyel. Gresham told the attorney that the light facing her and Tanyel was red prior to the impact.

In early December 1992, more than two years after the accident and just prior to the trial of the case against Osborne, Tanyel's attorney again contacted Leann Gresham. At this time, Gresham advised that her son had "refreshed her memory" that her light had changed moments before the accident. It is undisputed that her son was not in her car nor a witness to the accident. Based solely on this new evidence indicating

negligence by the bus driver, Tanyel amended his complaint to add the bus driver as a defendant.[1]

Tanyel alleges the statute did not begin to run until he "discovered" evidence supporting a claim of negligence against the bus driver. The statute of limitations, however, begins to run when the plaintiff should know that he might have a potential claim against another person, not when the plaintiff develops a full-blown theory of recovery. *Smith v. Smith*, 291 S.C. 420, 354 S.E. (2d) 36 (1987); *Snell v. Columbia Gun Exch., Inc.*, 276 S.C. 301, 278 S.E. (2d) 333 (1981). The law charges a plaintiff with discovery when the facts and circumstances of his injury would put a person of common knowledge and experience on notice that some claim might exist against the defendant. *Wilson v. Shannon*, 299 S.C. 512, 386 S.E. (2d) 257 (Ct. App. 1989).

The statute of limitations began to run when Tanyel witnessed the events causing his loss, thereby putting him on notice he might have a potential claim against another person, not when he later discovered evidence to support his claim. *See Snell v. Columbia Gun Exch., Inc.*, 276 S.C. 301, 278 S.E. (2d) 333 (1981) (when pistol accidentally and unexpectedly discharged causing injury, plaintiff was therefore put on notice that defect in pistol was possible, and he was required to determine if a cause of action existed and bring it within the statutory period); *Austin v. Conway Hosp., Inc.*, 292 S.C. 334, 356 S.E. (2d) 153 (Ct. App. 1987) (statute of limitations began to run when plaintiff witnessed events at hospital leading to her husband's death, rather than when she later developed a full theory of recovery after receiving and reviewing the hospital's records).

Tanyel argues strenuously he fully and adequately investigated the accident and potential claim against the bus driver, but did not discover any evidence of negligence by the bus driver until more than two years after the accident. The success or failure of his investigation is irrelevant.[2] Undertaking such an investigation demonstrates notice of a potential claim against the bus driver. *See Smith v. Smith*, 291 S.C. 420, 354

---

[1] Pursuant to S.C. Code Ann. § 15-78-70(c) (Supp. 1993), the department was later substituted as the party defendant.

[2] For purposes of this appeal, we accept Tanyel's contention that he fully and adequately investigated the accident and the bus driver's potential fault.

S.E. (2d) 36 (1987) (consulting attorney after loss demonstrated notice of potential claim). More importantly, Tanyel witnessed the physical involvement of the bus in the accident. This fact, standing alone, gave him notice that he might have a potential claim against the bus driver. This notice triggered the statute of limitations, rather than the discovery of evidence actually supporting the potential claim.

Accordingly, the appealed order is affirmed.

Affirmed.

BELL and GOOLSBY, JJ., concur.