580 S.E.2d 763

**Ernest Steve McCLAIN and Linda McClain, Appellants,**

v.

**John Carter JARRARD, M.D., Kevin McCarragher, M.D., William R. Karpik, M.D., Anesthesiology Services of Anderson, P.A., Frank E. Oliver, M.D., and Anderson Neurological Associates, P.A., Defendants,**

**Of Whom Frank E. Oliver, M.D., and Anderson Neurological Associates, P. A., are, Respondents.**

No. 3636.

Court of Appeals of South Carolina.

Submitted Nov. 20, 2002.

Filed Jan. 16, 2003.

Withdrawn, Substituted and Refiled Feb. 26, 2003.

Reissued as Published Opinion May 5, 2003.

J. Kirkman Moorhead, of Anderson, for Appellants.

G. Dewey Oxner, Jr., J. Ben Alexander, of Greenville, for Respondents.

PER CURIAM:

Ernest Steve McClain and Linda McClain appeal the circuit court's grant of summary judgment in favor of Frank E. Oliver, M.D. and Anderson Neurological Associates, P.A. We affirm.[1]

## FACTS

Mr. McClain was hospitalized for surgery related to diverticulitis; Dr. John Jarrard, an anesthesiologist, inserted a lumbar epidural catheter for post-operative pain control. After surgery, McClain experienced growing numbness in his legs and stomach and the inability to move his lower body. Based on a CT scan and a myelogram ordered by Dr. Oliver, the consulting neurosurgeon, surgery was done to remove an epidural hematoma caused by the catheter piercing a blood vessel.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

During his deposition, an expert witness, Dr. Thomas A. Duc, opined that Dr. Oliver's failure to act aggressively contributed to McClain's resulting injuries. Based on this testimony, McClain amended his complaint to add Dr. Oliver and his practice, Anderson Neurological Associates (Anderson) as defendants. In their answer, Dr. Oliver and Anderson asserted the affirmative defense of the statute of limitations and moved for summary judgment. The trial court granted the motion.

McClain argues that the statute of limitations did not begin to run on his cause of action against Dr. Oliver until he was aware of facts sufficient to put him on notice that Dr. Oliver had done something wrong. We disagree.

## LAW/ANALYSIS

"Under the discovery rule, the statute does not run from the date of the negligent act, but from the date when the *injury* resulting from the wrongful conduct either is discovered or may be discovered by the exercise of reasonable diligence." *Wilson v. Shannon*, 299 S.C. 512, 513, 386 S.E.2d 257, 258 (Ct.App.1989) (emphasis added). In the medical malpractice context, our supreme court applied the reasonable diligence analysis under the general discovery rule set forth in *Snell v. Columbia Gun Exchange*, 276 S.C. 301, 278 S.E.2d 333 (1981). " '[A]n injured party must act with some promptness where the facts and circumstances of the injury would put a person of common knowledge on notice that some right of his has been invaded or that *some claim against another party* might exist.' " *Strong v. Univ. of S.C. Sch. of Med.*, 316 S.C. 189, 191, 447 S.E.2d 850, 852 (1994) (quoting *Snell* at 303, 278 S.E.2d at 334) (emphasis added). While South Carolina cases have allowed some latitude for discovery of an injury in the medical malpractice context, given the expert knowledge required to ascertain an injury, we find no case extending a similar latitude to allow adding additional defendants after the statute of limitations has run where the plaintiff clearly knew of his injury. In *Strong*, the court declined to extend the statute where the patient clearly should have known the cause of his injury when it was noted in his medical records.

The closest case on point is *Tanyel v. Osborne*, 312 S.C. 473, 441 S.E.2d 329 (Ct.App.1994). That case arose out of an automobile collision at an intersection; based on a witness' changed recollection about the light, Tanyel sought to add another defendant, arguing the statute did not begin to run until he discovered evidence of negligence by that defendant. The court rejected this argument, stating: "[t]he success or failure of his investigation is irrelevant. Undertaking such an investigation demonstrates notice of a potential claim against the [other] driver." *Id.* at 475, 441 S.E.2d at 331. This court held Tanyel's witnessing of the other driver's involvement was *alone* sufficient to put him on notice of a potential claim, which triggered the statute of limitations.

We see no reason to distinguish this case from *Tanyel*, nor are we persuaded that the nature of this case—medical malpractice—removes it from the limits of common knowledge and experience. Significantly, both McClain and his wife testified specifically that Dr. Oliver treated him soon after the problem developed and continued to follow up. Dr. Oliver's involvement was known to both of them, and they discussed their concerns with him. This is not a case where discovery disclosed the existence of a treating doctor not mentioned in the medical records. Rather, McClain had actual knowledge of Dr. Oliver's treatment and that any potential claim could encompass his treatment. As we noted in *Tanyel*, the notice of a potential claim against a different defendant "triggered the statute of limitations, rather than the discovery of evidence actually supporting the potential claim." *Tanyel* at 476, 441 S.E.2d at 331.

Our supreme court refused to extend the statute of limitations under the discovery rule in a similar situation where plaintiffs chose to consult several lawyers and investigate fully before bringing a medical malpractice suit against the doctor. *Smith v. Smith*, 291 S.C. 420, 354 S.E.2d 36 (1987). In that case, the Smiths raised concerns about the treatment before leaving the hospital and consulted an attorney within days, but did not ultimately bring suit until five years later. The court held their earlier concerns and consultation were sufficient to trigger the running of the statute of limitations. *Id.* at 425–26, 354 S.E.2d at 39–40.

Because the McClains sued Dr. Oliver and Anderson more than three years after discovery of the injury and after the expiration of the statute of limitations, the trial court's grant of summary judgment is

**AFFIRMED.**

CONNOR, STILWELL, and HOWARD, JJ., concur.