604 S.E.2d 728

**Louise P. MAJSTORICH, Personal Representative for the Estate of Roger D. (Bill) Prince, Appellant,**

v.

**John P. GARDNER Jr., Respondent.**

No. 3886.

Court of Appeals of South Carolina.

Submitted Sept. 15, 2004.

Decided Nov. 1, 2004.

514

Louise P. Majstorich, of Myrtle Beach, for Appellant.

Lawrence B. Orr, of Florence, for Respondent.

BEATTY, J.:

In this fee dispute case, Roger D. Prince[1] appeals the circuit court's order granting summary judgment in favor of his attorney, John P. Gardner, Jr. We affirm.[2]

## FACTS

In May 1991, a Florence County jury convicted Prince of solicitation to commit murder, conspiracy, and accessory before the fact of murder. The trial judge granted Prince's motion for a new trial as to the charge of accessory before the fact of murder. Prince appealed his convictions to the supreme court. The State appealed the trial judge's grant of a new trial for the accessory charge.

In addition to his two appellate attorneys, Prince retained Gardner for $25,000 on March 1, 1993, to argue half of the oral argument before the supreme court.

On April 19, 1993, the supreme court heard oral arguments and considered Gardner's motion for a new trial based on after-discovered evidence. The supreme court issued an opinion on December 13, 1993, in which it affirmed Prince's convictions, reversed the grant of a new trial as to the accessory charge, and remanded the case for sentencing. *State v. Prince,* 316 S.C. 57, 447 S.E.2d 177 (1993).

---

1. During the pendency of the appeal, Prince passed away. His sister, Louise P. Majstorich, now represents his interests as the personal representative of the estate.

2. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

On February 4, 1994, Prince filed a petition for rehearing, a motion to stay sentencing/remittitur, and a motion for a new trial based on after-discovered evidence. Prince paid Gardner an additional $7,500 to arrange a meeting with Attorney General Travis Medlock to discuss the new trial motion. Medlock declined to re-open the case.

During this time, Prince retained Jack Swerling to file a supplemental petition for rehearing, a motion to stay sentencing/remittitur, and a motion for a new trial.

On August 26, 1994, the supreme court denied the petition for rehearing and the motion for a new trial. On the same date, the court issued the remittitur. The next day, Prince was informed of the court's decision. Prince then contacted Gardner and paid him $5,000 to arrange for his sentencing date to be delayed until he completed his ongoing treatment for cancer.

On August 29, 1994, Gardner filed with the supreme court a motion to stay Prince's sentencing date until Prince completed his cancer treatments on October 22, 1994. Because the remittitur had been issued, the supreme court returned the motion for lack of jurisdiction. Upon discovering that his sentencing date could not be delayed, Prince absconded for eleven months until he was apprehended.

While incarcerated, Prince sent Gardner a letter on February 8, 1999, informing Gardner that he intended to seek the return of the fees that had been paid. In the letter, Prince expressed his dissatisfaction with Gardner's representation, particularly his failure to obtain the favorable ruling that he had guaranteed.

On March 23, 1999, Prince filed an application for the resolution of the disputed fees with the South Carolina Fee Disputes Board. An assigned member issued an opinion, finding the stated fee was "fair and equitable based upon all of the surrounding facts and curcumstantces [sic]." Prince appealed this decision to the full panel. After a hearing, the Fee Dispute Hearing Panel issued its decision on December 2, 1999, in which it found "the fees charged by [Gardner] were reasonable and the complaint is without merit."

Subsequently, Prince appealed the Panel's decision to the circuit court. In response, Gardner moved to dismiss the appeal on the following grounds: (1) Prince failed to properly serve the appeal; (2) the appeal was untimely; and (3) the statute of limitations had expired prior to the filing of his claim with the Fee Disputes Board. Circuit Court Judge Edward Cottingham granted Gardner's motion and dismissed the appeal with prejudice.

On June 16, 2000, Prince filed suit against Gardner, alleging causes of action for: breach of contract; excessive fees/unjust enrichment; breach of fiduciary duty; negligence; fraud, deceit, and misrepresentation; and intentional infliction of emotional distress. Gardner moved for summary judgment on the grounds: (1) the complaint failed to state a cause of action; (2) Prince's claims were barred by the statute of limitations; and (3) Prince's claims were barred by having submitted them to the Fee Disputes Board.

After a hearing, Circuit Court Judge Sidney Floyd issued an order on February 23, 2001, granting summary judgment in favor of Gardner. Judge Floyd primarily granted the motion on the statute of limitations ground, finding Prince knew or should have known that he had a cause of action against Gardner on or before August 29, 1994. He further held the cause of action for excessive fees was barred by the previous resolution by the Fee Disputes Board. Finally, he ruled a cause of action for an attorney's failure to achieve a guaranteed result is not recognized in South Carolina. *See Holy Loch Distribs., Inc. v. Hitchcock*, 340 S.C. 20, 26, 531 S.E.2d 282, 285 (2000) (holding no cause of action exists in South Carolina for legal malpractice based on breach of express warranty to obtain a specific result).

On March 16, 2001, Prince appealed the order to this court [3] and filed a motion for reconsideration in the circuit court. After a hearing on the motion for reconsideration, Circuit Court Judge John Milling [4] issued an order on July 23, 2001,

---

3. Because the notice of appeal was premature, this court dismissed it without prejudice.

4. Judge Milling assumed the case upon Judge Floyd's retirement.

in which he denied the motion on the statute of limitations ground.

On November 26, 2001, Prince appealed this order and Judge Floyd's order dated February 23, 2001.[5] On the same day, Prince sent Judge Milling a letter in which he stated that Judge Floyd had failed to rule on his motion to supplement his pleadings in response to Gardner's motion for summary judgment.

On January 22, 2002, Judge Milling again denied Prince's motion for reconsideration. He ruled that Prince's motion to supplement his pleadings was untimely. He further found that even if the motion had been timely, it did not provide a basis to reverse Judge Floyd's order granting summary judgment in favor of Gardner.

Prince appealed this order on February 26, 2002.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), SCRCP. "In determining whether any triable issues of fact exist for summary judgment purposes, the evidence and all the inferences that can be reasonably drawn from the evidence must be viewed in the light most favorable to the nonmoving party." *Cunningham v. Helping Hands, Inc.*, 352 S.C. 485, 491, 575 S.E.2d 549, 552 (2003).

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the trial court pursuant to Rule 56(c), SCRCP." *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Therefore, on appeal from an order granting summary judgment, this court will review all ambiguities, conclusions, and inferences arising in and from the evidence in a light most favorable to the nonmoving party below. *Osborne v. Adams*, 346 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).

---

**5.** Prince alleged he had not received a copy of Judge Milling's order until November 16, 2001.

## DISCUSSION

Prince argues the circuit court [6] erred in granting summary judgment in favor of Gardner based on the statute of limitations. He contends the court erred in applying a subjective standard of the discovery rule. Under an objective standard, Prince asserts he was not neglectful of his rights. Because the purpose of the discovery rule is to guard against those who fail to enforce their rights with reasonable diligence, he contends he should not be precluded from pursuing the causes of action against Gardner.[7] We disagree.

Actions for breach of contract and personal injuries that arise after April 5, 1988, must be commenced within three years. S.C.Code Ann. § 15-3-530(1), (5) (Supp.2003). The discovery rule, as outlined in section 15-3-535, provides that "the statute of limitations begins to run when a cause of action reasonably ought to have been discovered. The statute runs from the date the injured party either knows or should have known by the exercise of reasonable diligence that a cause of action arises from the wrongful conduct." *Dean v. Ruscon Corp.*, 321 S.C. 360, 363, 468 S.E.2d 645, 647 (1996); S.C.Code Ann. § 15-3-535 (Supp.2003) ("Except as to actions initiated under Section 15-3-545, all actions initiated under Section 15-3-530(5) must be commenced within three years after the person knew or by the exercise of reasonable diligence should have known that he had a cause of action."); *see Santee Portland Cement Co. v. Daniel Int'l Corp.*, 299 S.C. 269, 271–

---

**6.** Although Prince has specifically appealed the two circuit court judges' orders, we refer to the judges as the circuit court in the interest of clarity.

**7.** We note that Prince has not appealed the circuit court's remaining grounds for the grant of summary judgment. This fact alone would warrant our affirming the grant of summary judgment as to the excessive fees cause of action and the breach of contract cause of action. *See Charleston Lumber Co. v. Miller Housing Corp.*, 338 S.C. 171, 175, 525 S.E.2d 869, 871 (2000) (stating an unappealed ruling is the law of the case); *Brading v. County of Georgetown*, 327 S.C. 107, 113, 490 S.E.2d 4, 7 (1997) (recognizing that where a decision is based on more than one ground, an appellate court will affirm unless the appellant appeals all grounds because the unappealed ground will become the law of the case). Because, however, the statute of limitations ruling is applicable to the other causes of action, we decide to address the issue with respect to all of the causes of action raised by Prince.

72, 384 S.E.2d 693, 694–95 (1989) (extending the discovery rule to contract actions while recognizing only certain statutes have "built in" discovery provisions within the statute itself), *overruled on other grounds by Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors Div. of Unidynamics Corp.*, 319 S.C. 556, 462 S.E.2d 858 (1995); *Mills v. Killian*, 273 S.C. 66, 70, 254 S.E.2d 556, 558 (1979) (holding the discovery rule applies to professional negligence causes of action).

"The 'exercise of reasonable diligence' means the injured party must act with some promptness where the facts and circumstances of an injury place a reasonable person of common knowledge and experience on notice that a claim against another party might exist." *True v. Monteith*, 327 S.C. 116, 119, 489 S.E.2d 615, 616–17 (1997). "The date on which discovery should have been made is an objective, not subjective, question." *Young v. South Carolina Dep't of Corrections*, 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct.App.1999). "In other words, whether the particular plaintiff actually knew he had a claim is not the test. Rather, courts must decide whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist." *Id.*

Viewing the evidence in the light most favorable to Prince, we find Prince knew or should have known that he had a claim against Gardner on August 29, 1994, the day Prince admits Gardner last represented him. As evidenced by his complaint and affidavits, Prince was dissatisfied with Gardner's representation on each of the three occasions that he performed work. Based on this deficient performance, Prince felt that he had been defrauded of the fees that had been paid. Specifically, Prince claimed Gardner's "shockingly poor performance and presentation [before the supreme court] was totally responsible for the adverse decision." Prince was aware of the unfavorable decision on December 13, 1993. Prince also believed that his payment of $7,500 to Gardner in February 1994 was excessive given Gardner only arranged a meeting with Attorney General Travis Medlock regarding the new trial motion. Finally, when Gardner failed to obtain a

stay of Prince's sentencing on August 29, 1994, Prince felt he had been "scammed" out of another $5,000.

Even though Gardner's representation of Prince was completed on August 29, 1994, Prince waited until June 16, 2000, to file suit against him. Applying the discovery rule under an objective standard, we hold Prince's suit was untimely and, thus, barred by the three-year statute of limitations.

Accordingly, the grant of summary judgment in favor of Gardner is

**AFFIRMED.**

STILWELL and SHORT, JJ., concur.