**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Hugh Allen Hoover, Appellant,

v.

L.A. Blue and Kem Dempsey, Respondents.

Appellate Case No. 2014-000058

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

Unpublished Opinion No. 2015-UP-426
Submitted April 1, 2015 – Filed August 19, 2015

**AFFIRMED**

John W. Carrigg, Jr., of Carrigg Law Firm, of Lexington, for Appellant.

Stephanie Ruotolo Fajardo, of the Fajardo Law Firm, LLC, of Irmo, for Respondents.

**PER CURIAM:** Hugh Allen Hoover appeals the trial court's decision to dismiss his complaint pursuant to Rule 12(b)(6), SCRCP, for malicious prosecution, abuse of process, and outrage. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  Our standard of review: *Bergstrom v. Palmetto Health Alliance*, 358 S.C. 388, 395, 596 S.E.2d 42, 45 (2004) ("Under Rule 12(b)(6), SCRCP, a defendant may move to dismiss a complaint based on a failure to state facts sufficient to constitute a cause of action."); *id.* ("In considering such a motion, the trial court must base its ruling solely on allegations set forth in the complaint."); *id.* ("If the facts and inferences drawn from the facts alleged in the complaint, viewed in the light most favorable to the plaintiff, would entitle the plaintiff to relief on any theory, then the grant of a motion to dismiss for failure to state a claim is improper."); *id.* ("In deciding whether the trial court properly granted the motion to dismiss, the appellate court must consider whether the complaint, viewed in the light most favorable to the plaintiff, states any valid claim for relief."); *id.* ("A motion to dismiss under Rule 12(b)(6) should not be granted if facts alleged and inferences reasonably deducible therefrom entitle the plaintiff to relief under any theory."); *id.* ("Further, the complaint should not be dismissed merely because the court doubts the plaintiff will prevail in the action.").

2.  As to malicious prosecution: *McBride v. Sch. Dist. of Greenville Cnty.*, 389 S.C. 546, 565, 698 S.E.2d 845, 855 (Ct. App. 2010) ("The elements of malicious prosecution are (1) the institution or continuation of original judicial proceedings; (2) by or at the instance of the defendant; (3) termination of such proceedings in plaintiff's favor; (4) malice in instituting such proceedings; (5) lack of probable cause; and (6) resulting injury or damage."); *Cisson v. Pickens Sav. & Loan Ass'n*, 258 S.C. 37, 44, 186 S.E.2d 822, 825 (1972) ("While we recognize the principle that an action for malicious prosecution may be predicated, under proper circumstances, upon an ordinary civil proceeding, such principle is not to be applied so as to hamper the basic right of citizens to sue or defend when sued."); *McBride*, 398 S.C. at 565, 698 S.E.2d at 855 ("In this cause of action, malice is the deliberate intentional doing of a wrongful act without just cause or excuse." (citation and internal quotation marks omitted)); *id.* ("It does not necessarily mean a defendant acted out of spite, revenge, or with a malignant disposition."); *Pallares v. Seinar*, 407 S.C. 359, 367, 756 S.E.2d 128, 131 (2014) ("Where a plaintiff bases the claim on an opponent's institution of civil causes of action, probable cause exists if the facts and circumstances would lead a person of ordinary intelligence to believe that the plaintiff committed one or more of the acts alleged in the opponent's complaint."); *Eaves v. Broad River Elec. Coop., Inc.*, 277 S.C. 475, 478, 289 S.E.2d 414, 416 (1982) ("In determining the existence of probable cause, the facts must be regarded from the point of view of the party prosecuting; the question is not what the actual facts were, but what he honestly believed them to be." (citation and internal quotation marks omitted)); *Law v. S.C.*

*Dep't of Corr.*, 368 S.C. 424, 436, 629 S.E.2d 642, 649 (2006) ("The burden is on the plaintiff to show that the prosecuting person or entity lacked probable cause to pursue a criminal or civil action against him."); *Parrott v. Plowden Motor Co.*, 246 S.C. 318, 322, 143 S.E.2d 607, 609 (1965) ("Although malice may be inferred from a want of probable cause, a want of probable cause cannot be inferred from any degree of malice."); *Cisson*, 258 S.C. at 44, 186 S.E.2d at 825 ("The mere fact that defendant was unsuccessful in its defense of the prior action and in its appeal has no bearing upon the issue of probable cause.").

3.  As to abuse of process:  *Pallares*, 407 S.C. at 370, 756 S.E.2d at 133 ("The essential elements of abuse of process are (1) an ulterior purpose, and (2) a willful act in the use of the process that is not proper in the regular conduct of the proceeding."); *id.* at 370-71, 756 S.E.2d at 133 ("The first element, an ulterior purpose, exists if the process is used to secure an objective that is not legitimate in the use of the process." (citation and internal quotation marks omitted)); *id.* at 371, 756 S.E.2d at 133 ("An allegation that a party had a bad motive or an ulterior purpose in bringing an action, standing alone, is insufficient to sustain an abuse of process claim." (quotation marks omitted)); *id.* ("Moreover, no action lies where a person has an incidental or concurrent motive of spite or merely seeks to gain a collateral advantage from the process."); *Hainer v. Am. Med. Int'l, Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997) ("There is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions."); *Pallares*, 407 S.C. at 371, 756 S.E.2d at 134 ("The willful act element consists of three components: (1) a willful or overt act; (2) in the use of the process; (3) that is improper because it is either (a) unauthorized or (b) aimed at an illegitimate collateral objective." (citation and internal quotation marks omitted)).

4.  As to intentional infliction of emotional distress:  *Hainer v. Am. Med. Int'l, Inc.*, 320 S.C. 316, 324, 465 S.E.2d 112, 117 (Ct. App. 1995) ("To establish the tort of intentional infliction of emotional distress or outrage, the plaintiff must establish the following: (1) the defendant intentionally or recklessly inflicted severe emotional distress, or knew that distress would probably result from his conduct; (2) the defendant's conduct was so extreme and outrageous that it exceeded all possible bounds of decency and was furthermore atrocious, and utterly intolerable in a civilized community; (3) the actions of the defendant caused the plaintiff's emotional distress; and (4) the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it."); *Save Charleston Found. v. Murray*, 286 S.C. 170, 180, 333 S.E.2d 60, 66 (Ct. App. 1985) (stating

the conduct of converting a promissory note and then maliciously bringing an action based on the note did not "exceed[] all possible bounds of decency").

5. As to Hoover's statute of limitations arguments: *Whitfield Constr. Co. v. Bank of Tokyo Trust Co.*, 338 S.C. 207, 222, 525 S.E.2d 888, 896 (Ct. App. 1999) (indicating abuse of process has a three-year statute of limitations); *Ford v. Hutson*, 276 S.C. 157, 167, 276 S.E.2d 776, 781 (1981) (stating the statute of limitations for intentional infliction of emotional distress is six years); *Tanyel v. Osborne*, 312 S.C. 473, 475, 441 S.E.2d 329, 330 (Ct. App. 1994) ("The statute of limitations . . . begins to run when the plaintiff should know that he might have a potential claim against another person, not when the plaintiff develops a full-blown theory of recovery."); *id.* ("The law charges a plaintiff with discovery when the facts and circumstances of his injury would put a person of common knowledge and experience on notice that some claim might exist against the defendant.").[1]

**AFFIRMED.**[2]

**FEW, C.J., and HUFF and WILLIAMS, JJ., concur.**

---

[1] The trial court's order does not mention dismissing the malicious prosecution action because of the statute of limitations. As such, this argument is not preserved for review. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 734 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.