**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Tiffany M. Martin, Appellant,

v.

Glenda Simmons, Respondent.

Appellate Case No. 2016-000335

Appeal From Horry County
Benjamin H. Culbertson, Circuit Court Judge

Unpublished Opinion No. 2017-UP-413
Submitted October 1, 2017 – Filed November 1, 2017

**AFFIRMED**

Ralph James Wilson, Jr., of Ralph Wilson Law P.C., of Conway, for Appellant.

John Robert Murphy and Wesley Brian Sawyer, both of Murphy & Grantland, P.A., of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Holly Woods Ass'n of Residence Owners v. Hiller*, 392 S.C. 172, 183-84, 708 S.E.2d 787, 793 (Ct. App. 2011) (holding the three-year statute of limitations for negligence actions begins to run when the underlying cause of

action should have been discovered); *True v. Monteith*, 327 S.C. 116, 119, 489 S.E.2d 615, 616 (1997) ("In a negligence action, the statute of limitations accrues at the time of the negligence or when the facts and circumstances would put a person of common knowledge on *notice* that there might be a claim against another party."); *Tanyel v. Osborne*, 312 S.C. 473, 475, 441 S.E.2d 329, 330 (Ct. App. 1994) ("The statute of limitations . . . begins to run when the plaintiff should know that he might have a potential claim against another person, not when the plaintiff develops a full-blown theory of recovery."); *Holly Woods Ass'n*, 392 S.C. at 183-84, 708 S.E.2d at 793 ("[The] court must determine 'whether the circumstances of the case would put a person of common knowledge and experience on notice that some right of his has been invaded, or that some claim against another party might exist.'" (quoting *Young v. S.C. Dep't of Corrs.*, 333 S.C. 714, 719, 511 S.E.2d 413, 416 (Ct. App. 1999))).[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and HILL, JJ., concur.**

---

[1] Appellant's argument regarding equitable tolling is not preserved. *See South Carolina Dept. of Transp. v. First Carolina Corp. of S.C.*, 372 S.C. 295, 301, 641 S.E.2d 903, 907 (2007) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review." (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))).

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.